United States District Court
Southern District of Texas
**ENTERED**
May 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CRAIG S. SMITH, § § § Plaintiff, § § v. § § PNC BANK § § Defendant/Garnishee, § § and § § RHONDA ROSS, § § Debtor. § | Civil Action No. 7:24-CV-00438 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Craig S. Smith's First Amended Application for Post-Judgment Writ of Garnishment against PNC Bank. (Dkt. No. 8). For the reasons below, the Court **GRANTS** the motion.

### I. BACKGROUND

In its February 18, 2025, Order, the Court recounted the long history of this decades-old dispute. (*See* Dkt. No. 7 at 2–3). Relevant there, in the underlying lawsuit, Plaintiff Craig S. Smith—an attorney—successfully moved for sanctions against Debtor Rhonda C. Ross and was awarded attorney's fees. *See* Order Granting Defendant Smith's Motion for Sanctions, *Rodriguez v. Rodriguez et al.*, No. 7:22-CV-00176, (S.D. Tex. Sept. 30, 2022), ECF No. 73 at 29–31 [hereinafter Order Granting Sanctions, ECF No. 73]; (Dkt. No. 8-1).

To enforce the award, Smith initiated this garnishment proceeding, seeking a writ of garnishment against PNC Bank to recover sanctions awarded against Ross. (Dkt. No. 1). This Court denied Smith's initial application because he failed to submit an affidavit affirming that Ross does not own property in Texas subject to execution sufficient to satisfy the judgment, as required by Section 63.001(3) of the Texas Civil Practice and Remedies Code and Texas Rule of Civil Procedure 658. (Dkt. No. 7 at 7–8).

Smith has now filed an Amended Application for Post-Judgment Writ of Garnishment, (Dkt. No. 8), along with an amended affidavit that states: "Within my knowledge, Debtor possesses no property within the state that is subject to execution that is sufficient to satisfy the judgment," (Dkt. No. 8-2).

## II.   LEGAL STANDARD

Rule 69 of the Federal Rule of Civil Procedure governs how courts enforce money judgments, including an award of unpaid attorney's fees. 2 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 69 (2024); *see also RMA Ventures Cal. v. SunAmerica Life Ins.*, 576 F.3d 1070, 1074 (10th Cir. 2009) ("A judgment granting attorneys' fees is 'collected or executed in the same manner as any other money judgment.'" (quoting 10 James Wm. Moore et al., Moore's Federal Practice § 54.158[2][a], at 54–262 (3d ed. 2009))). Rule 69 states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).  Thus, Rule 69 establishes two relevant principles: "(1) that the usual recourse is a writ of execution" and "(2) that the writ [and supplementary proceedings] will be enforced using the local state practices for executing judgments." 2 Gensler, *supra*, Rule 69; *see also Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961 F.3d 731, 735 (5th Cir. 2020) ("The federal rules provide judgment creditors the enforcement tools available under the law of the state in which the court is located." (citing Fed. R. Civ. P. 69(a)(1)).

While Rule 69 "establishes the writ of execution as the general vehicle for enforcing a money judgment," 2 Gensler, *supra*, Rule 69, it does not foreclose other enforcement mechanisms if permitted by the state, *Peacock v. Thomas*, 516 U.S. 349, 359 n.7, 116 S.Ct. 862, 869 n.7, 133 L.Ed.2d 817 (1996) ("Rule 69(a) . . . permits judgment creditors to use *any* execution method consistent with the practice and procedure of the State in which the district court sits." (emphasis added)).  The Fifth Circuit has specifically held that Rule 69(a) allows the use of garnishment to enforce a money judgment if that remedy is available under state law.  *Grenada Bank v. Willey*, 694 F.2d 85, 87–88 (5th Cir. 1982).

Texas permits writs of garnishment to enforce money judgments.  *See* Tex. R. Civ. P. 621 ("The judgments of the . . . courts shall be enforced by execution *or other appropriate process*." (emphasis added)); Tex. Civ. Prac. & Rem. Code §§ 63.001–.008 (providing for garnishment actions); Tex. R. Civ. P. 657–79 (same); *Grenada Bank*, 694 F.2d at 87 n.2 ("A writ of execution cannot be the exclusive means of enforcing a judgment since [the State's] practice and procedure provides for garnishment.").  "As actions supplemental to or in aid of execution, according to Federal Rule of Civil Procedure 69, garnishment actions are

3

governed by state law to the extent it does not conflict with federal law." *FG Hemisphere Assocs., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006).

"Garnishment actions in Texas are 'purely statutory[,]' and courts have no power to extend the benefits of garnishment beyond the relief available under statute." *JGM Holdings, LLC v. T-Mobile USA, Inc.*, 568 F.App'x 316, 319 (5th Cir. 2014) (per curiam) (first quoting *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 423 (5th Cir. 2006); and then citing Tex. Civ. Prac. & Rem. Code § 63.001 (listing the scenarios in which garnishment is available)). In Texas, post-judgment garnishment is available when "a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." Tex. Civ. Prac. & Rem. Code § 63.001(3); *see also* Tex. R. Civ. P. 658.

A party must strictly comply with Section 63.001 to receive a writ of garnishment. Texas courts are clear that "the remedy of garnishment is summary and harsh[] and should not be sustained unless there is strict compliance with the statutory requirements." *In re Tex. Am. Exp., Inc.*, 190 S.W.3d 720, 725 (Tex. App.—Dallas 2005, orig. proceeding) (collecting cases); *Beggs v. Fite*, 130 Tex. 46, 52, 106 S.W.2d 1039, 1042 (1937); *Premium Latin Publ'g, Inc. v. Fredonia Enters.*, No. 4:07-CV-02739, 2010 WL 11586404, at *1 (S.D. Tex. Jan. 12, 2010). They explain that the "garnishment statute must be strictly construed to protect third parties from the 'inconvenience and hazard' of suit." *Premium Latin Publ'g, Inc.*, 2010 WL 11586404, at *1 (first quoting *Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 286 (Tex. App.—Houston [1st Dist.] 1991, writ

denied); and then citing *Beggs*, 130 Tex. at 52, 106 S.W.2d at 1042).  Therefore, "garnishment proceedings cannot be sustained unless they strictly conform to the statutory requirements and related rules." *Lease Fin. Grp., LLC v. Childers*, 310 S.W.3d 120, 124 (Tex. App.—Fort Worth 2010, no pet.) (quoting *Walnut Equip. Leasing Co. v. J–V Dirt & Loam*, 907 S.W.2d 912, 914 (Tex. App.—Austin 1995, writ denied)); *Zeecon Wireless Internet, LLC v. Am. Bank of Tex., N.A.*, 305 S.W.3d 813, 816 (Tex. App.—Austin 2010, no pet.) ("If any of the statutory requirements are not met, the right to have a garnishment judgment rendered against the property of the debtor fails."); *Abdullah v. State*, 211 S.W.3d 938, 943 (Tex. App.—Texarkana 2007, no pet.) ("If a judgment-creditor intends to avail himself of the State's aid in effecting a deprivation of property, he must strictly comply with the pertinent rules.").

In addition to these statutory requirements, the Southern District of Texas requires a party to submit a proposed writ of issuance in its application for a writ of garnishment. Although there is not a standard form for writs of garnishment, Texas Rule of Civil Procedure 659 sets forth some requirements for what must be in the writ, including identification of the parties, a command directing the garnishee to appear before the issuing court by or before 10:00 a.m. on the Monday following twenty days after service, and instructions regarding what the garnishee must answer under oath.  Tex. R. Civ. P. 659.

### III. ANALYSIS

Smith's amended application for a writ of garnishment complies with Texas law. In accordance with Section 63.001(3), the application affirms that "Rhonda Ross does not

5

possess property in Texas subject to execution that is sufficient to satisfy the Judgment." (Dkt. No. 8 at 3). This statement is supported by Smith's amended affidavit. (Dkt. No. 8-2 at 2); *see also* Tex. R. Civ. P. 658 (requiring applications to be supported by affidavits based on personal knowledge or, if based on information and belief, stating the grounds for that belief).

Smith has also filed proof of a valid, subsisting judgment. (Dkt. No. 8-1). He further attests that the garnishment is not sought to injure either the debtor or the garnishee. (Dkt. No. 8-2 at 2).

Finally, in compliance with the Court's local rules, Smith has submitted a proposed writ of garnishment that complies with Texas Rule of Civil Procedure 659. (Dkt. No. 8-4).

## IV.   CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff's Amended Application for Post-Judgment Writ of Garnishment. (Dkt. No. 8).

The Clerk of the Court is directed to issue Writs of Garnishment commanding Garnishee, PNC Bank, to appear as required by law and answer what property of Judgment Debtor Rhonda Ross it possesses, where that property was located when the writ was served, and what other persons, if any, within its knowledge hold effects of the Judgment Debtor.

The maximum value of property or indebtedness subject to garnishment shall not exceed **$18,241.25**—the amount awarded in the underlying judgment.

It is SO ORDERED.

Signed on May 30, 2025.

                                                       _____
                                                               **DREW B. TIPTON**
                                                   **UNITED STATES DISTRICT JUDGE**